# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. H-17-558 |
| ANDREW C. E. SCHNECK<br>Defendant. | § § § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Craig Feazel, Assistant United States Attorney, and the defendant, ANDREW CECIL EARHART SCHNECK, and Defendant's counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. The Defendant ANDREW CECIL EARHART SCHNECK agrees to plead guilty to violating Title 18, United States Code, Section 844(f)(1) as alleged in Count One of the Indictment.

(A) Count One charges Defendant with Attempting to Maliciously Damage Property Receiving Federal Financial Assistance, in violation of Title 18, United States Code, Section 844(f)(1). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment

either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt. As outlined in further detail below, the defendant is also waiving his rights to appeal and collaterally attack the judgement and sentence.

## Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 844(f)(1), is a term of imprisonment which may not be less than five years or more than twenty years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States

District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashiers check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

5. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Knowing that, the defendant waives all rights to appeal the sentence both directly and collaterally, and the manner in which the sentence was determined under Title 18 U.S.C. Sec. 3742. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United

States Code, Section 3742(b).

6. Defendant is also aware that the Constitution, and the laws of the United States, particularly Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to contest, appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert all rights afforded by law and under this agreement, and seek specific performance of this waiver.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or

representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 125 S. Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

9. The defendant understands that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea and will remain bound to fulfill all of the obligations under this plea agreement.

10. The Agreed Factual Summary forming the basis of this plea agreement is attached and incorporated herein.

## The United States' Agreements

11. If the defendant pleads guilty to the violation of 18 U.S.C. Sec. 844(f)(1) in Count One of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States agrees to each of the following:

> (a) The Government agrees to not pursue any aggravating circumstances pursuant to 18 U.S.C. Sec. 844(f)(2) and will recommend a sentence of sixty (60) months.
>
> (b) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines; and
>
> (c) If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense (if Defendant's offense level is 16 or greater).
>
> (d) The United States agrees to recommend a sentence at the low end of the defendant's ultimate advisory guideline range or the statutory mandatory minimum if the ultimate advisory guideline range is less than the statutory mandatory minimum.
>
> However, the defendant understands that the ultimate decision regarding downward adjustments, departures, acceptance of responsibility and sentencing is within the sole discretion of the court.

## Agreement Binding - Southern District of Texas Only

12. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

13. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

> (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;
>
> (b) to set forth or dispute sentencing factors or facts material to sentencing;
>
> (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;
>
> (d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

14. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

15. Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

> (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

16. Defendant is pleading guilty because he is in fact guilty of violating 18 U.S.C. 844(f)(1) as charged in Count One of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

17. On August 19, 2017, a Houston Park Ranger observed the Defendant, Andrew Cecil Earhart Schneck kneeling among bushes in front of the Richard "Dick" Dowling Monument located in the median of Cambridge Street at the entrance to Hermann Park. She approached Defendant, asked him several questions, and observed Defendant to be holding two small boxes containing various items and what appeared to be duct tape and wires. She asked Defendant to put the boxes on the ground and while doing so, Defendant took a clear plastic bottle and drank from the clear liquid within the bottle, spit it out, and then and poured the remainder on the ground. After observing a timer and wires in the box, the ranger contacted the Houston Police Department who notified the Houston Police Department Bomb Squad.

18. The Houston Park Ranger asked Schneck if he wanted to damage the statute to which Defendant responded affirmatively. The statue is owned by the City

of Houston, which is an organization that receives federal financial assistance.

19. Upon arrival, the Houston Police Department Bomb Squad assessed the box and its contents. They field-tested the clear liquid and another substance present in a small black aluminum tube using a thermoscientific device. The clear liquid field-tested positive as nitroglycerin, an explosive, and the white powder tested positive as HMTD (Hexamethylene triperoxide diamine), an explosive organic compound. These substances were immediately sent to a laboratory for verification, both of which were later confirmed by laboratory tests to be nitroglycerine and HMTD.

20. The contents of the box located at the scene were examined by the Federal Bureau of Investigation Explosive Unit laboratory and confirmed to be a fully functioning, improvised explosive device (IED), capable of causing damage to real property.

### Additional Agreements

21. The defendant understands that nothing in this plea agreement will restrict access by the Probation Office or the Court to information and records in the possession of the United States, including that obtained from the defendant.

22. If the defendant should fail in any way to fulfill completely all of the obligations under this plea agreement (at any time including after sentencing), or

11

engage in any felonious criminal activity during the life of this agreement, or fail to appear when required, the United States will be released from its obligations under the plea agreement, and the United States will also be permitted to recommend to the Court any sentence it considers appropriate, up to and including the maximum possible sentence.

23. Whether the defendant has breached any provision of this plea agreement, if contested by the parties, shall be determined by the United States Attorney, whose decision in that regard is final.

### Restitution, Forfeiture, and Fines – Generally

24. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

25. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14

days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

26. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

27. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Forfeiture

28. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

29. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

30. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

31. Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

32. Defendant understands that under Section 5E1.2(I) of the Sentencing Guidelines and Policy Statements, the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

33. This written plea agreement, consisting of 16 pages, including the attached two-page addendum of Defendant and his attorney (total of 18 pages),

constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. The United States is only bound by the representations contained in writing, within this plea agreement. The Defendant acknowledges that no other guarantees or representations exist, have been made or promised, other than those outlined within this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

34. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at **Houston**, Texas, on **March 27**, 2018.

*Andrew Schneck*
ANDREW C. E. SCHNECK
Defendant

Subscribed and sworn to before me on **March 27**, 2018.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: *M. Flores*

15

Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

By: _____      _____
Craig Feazel                                                  Philip H. Hilder
Assistant United States Attorney             Attorney for Defendant
Southern District of Texas
713-567-9900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. H-17-558 |
| § | |
| ANDREW C. E. SCHNECK § | |
| Defendant. § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant ANDREW C. E. SCHNECK all of his applicable rights with respect to the pending indictment and plea agreement. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          __3-27-18__
Philip H. Hilder                                              Date
Defendant's Attorney

17

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me, and I understand the elements of the offence charged against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms. I am entering this agreement and plea of guilty freely and voluntarily, in the exercise of my own good judgement, because I am guilty and for no other reason.

_/s/ Andrew Schneck_____          __3-27-18_____
Andrew Cecil Earhart Schneck                Date
Defendant